UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ACCIDENT INSURANCE COMPANY,
INC.,

    Plaintiff,

v.                                                                                  Case No.:   2:20-cv-613-FtM-38MRM

V&A DRYWALL AND STUCCO,
INC., PLATINUM SERVICE
CONTRACTING, LLC, LENNAR
HOMES, LLC, MICHAEL J.
MCCAULEY and KATHLEEN
MCCAULEY,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Accident Insurance Company, Inc. (AIC)'s Complaint for Declaratory Relief (Doc. 1).  Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  The Court has doubts about its jurisdiction over AIC's Complaint.

This is an insurance dispute.  AIC insured Defendant V&A Drywall and Stucco, Inc. from June 10, 2014, through June 10, 2016.  In 2012, Defendant Platinum Service Contracting, LLC hired V&A to install drywall and stucco in a construction project.  Earlier this year, Platinum notified AIC of defects in V&A's work.  After communicating with

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

counsel for V&A and Platinum, AIC disclaimed any duty to defend or indemnify. AIC does not claim that any defendant has sued or taken other steps to hold AIC liable for the defects. AIC's Complaint alleges diversity jurisdiction and seeks a declaration that it has no duty to indemnify V&A or Platinum from construction defect claims. AIC views the remaining defendants as potentially interested parties, but it alleges no present disagreement with them.

Subject matter jurisdiction is questionable for two reasons. First, AIC has not proven the amount in controversy. A plaintiff who asserts diversity jurisdiction must prove that diversity jurisdiction exists. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). AIC pleads the amount in controversy exceeds $75,000 without any factual support. When a plaintiff alleges indeterminate damages, it "bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *King v. Epstein*, 167 Fed. Appx. 121, 123 (11th Cir. 2006). "A conclusory allegation that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the plaintiff's burden." *Bradley v. Kelly Services*, 224 Fed. Appx. 893, 895 (11th Cir. 2007). Since AIC has not sufficiently pled the amount in controversy, the Court will dismiss the Complaint with leave to amend.

Second, this case does not appear to be ripe. See *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768 (11th Cir. 2019) (holding that "an insurer's duty is not ripe until the underlying lawsuit is resolved or the insured's

2

liability is established"). If AIC files an amended complaint correcting the amount-in-controversy deficiency, it must show cause in a separate brief—not to exceed five pages—why this case should not be dismissed as unripe.

Accordingly, it is now

**ORDERED:**

Plaintiff Accident Insurance Company, Inc. (AIC)'s Complaint for Declaratory Relief (Doc. 1) is **DISMISSED without prejudice**.

(1) AIC may file an amended complaint on or before **September 4, 2020**. **If AIC does not file an amended complaint by that date, the Court will close this case without further notice**.

(2) If AIC files an amended complaint, it must be accompanied by a brief—not to exceed five pages—addressing ripeness.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record